Kevin G. Little, SBN 149818
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile:  (559) 242-2400
Email:  kevin@kevinlittle.com

Attorneys for Plaintiffs Desiree Martinez, We Are Not Invisible, John Doe and Others Similarly Situated

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| DESIREE MARTINEZ; WE ARE NOT INVISIBLE, a nonprofit corporation on behalf and/or as next friend of JOHN DOE, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF FRESNO; FRESNO CODE ENFORCEMENT OFFICER HOWARD LACY; FRESNO POLICE OFFICER DAVID RAMIREZ; FRESNO POLICE OFFICER OMAR KHAN; FRESNO POLICE OFFICER R. GUERRA; FRESNO POLICE CORPORAL CHRISTOPHER WILSON; FRESNO POLICE OFFICER MATTHEW ENOS; FRESNO POLICE OFFICER STEVE ROCHA; UNKNOWN LAW ENFORCEMENT OFFICERS; DOES 1 THROUGH 20,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>JURY TRIAL DEMANDED |

TO THE HONORABLE COURT:

  Plaintiff DESIREE MARTINEZ ("MARTINEZ") through her undersigned counsel, hereby makes the following allegations against the defendants, and each of them.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as this action is one for damages arising under the United States Constitution and other federal laws providing remedies for deprivations of the rights and privileges of citizens of the United States, and it also contains supplemental state law claims.

2. This Court has a venue in this action pursuant to 28 U.S.C. § 1391(b), as the actions giving rise to this action all occurred within this judicial district.

3. Plaintiff MARTINEZ has fulfilled all prerequisites to alleging the state law claims contained herein, as she timely presented a claim for damages regarding the January 4, 2022 incident on January 18, 2022, and that claim has never been acted on. MARTINEZ also timely presented a claim for damages regarding the February 16, 2023 dismissal of her criminal charges on August 16, 2023 that was rejected on October 17, 2023. MARTINEZ also presented a claim for damages related to the June 14, 2023 incident on August 16, 2023 that was rejected on September 13, 2023. MARTINEZ also timely presented a claim related to the October 25, 2023 incident that was rejected.

## PARTIES

4. Plaintiff MARTINEZ is a citizen and resident of the State of California, County of Fresno. MARTINEZ has for many years been an advocate for the unhoused population in the City and County of Fresno, as well as statewide. MARTINEZ on a daily basis monitors the various encampments populated by the unhoused in the City of Fresno and advocates for their rights and needs with public officials. MARTINEZ has been recognized and honored for her work by many public and private organizations on a national, statewide, and local level. MARTINEZ was also the lead plaintiff in Case No. 1:22-cv-00307-DAD-SAB, which was filed on March 16, 2022, which resulted in the issuance of a May 24, 2022 preliminary injunction against the City of Fresno and which has been resolved favorably for those plaintiffs. MARTINEZ also regularly posts to social media videos and other materials documenting the unfair treatment of the unhoused community in the City and County of Fresno. MARTINEZ also regularly speaks out at Fresno City Council and other City of Fresno public meetings regarding the mistreatment of the unhoused. MARTINEZ also participates in and attends court proceedings in the County of Fresno pertaining to cases concerning or involving the unhoused community. MARTINEZ is the most well known advocate for the unhoused, and

virtually all Fresno Police Department personnel are familiar with her and recognize her as an advocate for the unhoused and a vocal critic of local law enforcement.

5.  Defendant THE CITY OF FRESNO ("COF") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California.  COF is primarily responsible for funding and supervising the Fresno Police Department, which is the law enforcement agency with primary jurisdiction for investigating the alleged incident underlying this case. COF is sued for its custom, policies and practices that were the moving forces behind the constitutional violations set forth herein, and it is sued under state law based on the vicarious liability principles set forth in California Government Code § 815.2.

6.  Defendant FRESNO CODE ENFORCEMENT OFFICER HOWARD LACY ("OFFICER LACY") is, upon information and belief, a citizen and resident of the State of California, County of Fresno.  With respect to all of the acts complained of herein, OFFICER LACY was on duty on January 4, 2022, and acting as an officer and employee of COF.  At all material times herein, OFFICER LACY acted individually and within the court and scope of his employment with COF.  OFFICER LACY is sued in his individual capacity for the acts he performed, as alleged herein.  As alleged herein, the plaintiff believes in good faith that OFFICER LACY is legally responsible and liable for the injuries and damages alleged herein.

7.  Defendant FRESNO POLICE OFFICER DAVID RAMIREZ ("OFFICER RAMIREZ") is, upon information and belief, a citizen and resident of the State of California, County of Fresno.  With respect to all of the acts complained of herein, OFFICER RAMIREZ was on duty on March 17, 2022, and acting as an officer and employee of the Fresno Police Department.  At all material times herein, OFFICER RAMIREZ acted individually and within the court and scope of his employment with the Fresno Police Department. OFFICER RAMIREZ is sued in his individual capacity for the acts he performed, as alleged herein.  As alleged herein, the plaintiff believes in good faith that OFFICER RAMIREZ is legally responsible and liable for the injuries and damages alleged herein.

8.  Defendant FRESNO POLICE OFFICER OMAR KHAN ("OFFICER KHAN") is, upon information and belief, a citizen and resident of the State of California, County of Fresno.  With respect to all of the acts complained of herein, OFFICER KHAN was on duty on August 31, 2022,

and acting as an officer and employee of the Fresno Police Department.  At all material times herein, OFFICER KHAN acted individually and within the court and scope of his employment with the Fresno Police Department. OFFICER KHAN is sued in his individual capacity for the acts he performed, as alleged herein.  As alleged herein, the plaintiff believes in good faith that OFFICER KHAN is legally responsible and liable for the injuries and damages alleged herein.

9. Defendant FRESNO POLICE OFFICER R. GUERRA ("OFFICER GUERRA") is, upon information and belief, a citizen and resident of the State of California, County of Fresno.  With respect to all of the acts complained of herein, OFFICER GUERRA was on duty on June 14, 2023, and acting as an officer and employee of the Fresno Police Department.  At all material times herein, OFFICER GUERRA acted individually and within the court and scope of his employment with the Fresno Police Department. OFFICER GUERRA is sued in his individual capacity for the acts he performed, as alleged herein.  As alleged herein, the plaintiff believes in good faith that OFFICER GUERRA is legally responsible and liable for the injuries and damages alleged herein.

10. Defendant FRESNO POLICE CORPORAL CHRISTOPHER WILSON ("CORPORAL WILSON") is, upon information and belief, a citizen and resident of the State of California, County of Fresno.  With respect to all of the acts complained of herein, CORPORAL WILSON was on duty on June 14, 2023, and acting as an officer and employee of the Fresno Police Department.  At all material times herein, CORPORAL WILSON acted individually and within the court and scope of his employment with the Fresno Police Department. CORPORAL WILSON is sued in his individual capacity for the acts he performed, as alleged herein.  As alleged herein, the plaintiff believes in good faith that CORPORAL WILSON is legally responsible and liable for the injuries and damages alleged herein.

11. Defendant FRESNO POLICE OFFICER MATTHEW ENOS ("OFFICER ENOS") is, upon information and belief, a citizen and resident of the State of California, County of Fresno.  With respect to all of the acts complained of herein, OFFICER ENOS was on duty on June 14, 2023, and acting as an officer and employee of the Fresno Police Department.  At all material times herein, CORPORAL WILSON acted individually and within the court and scope of his employment with the Fresno Police Department. OFFICER ENOS is sued in his individual capacity for the acts he

performed, as alleged herein.  As alleged herein, the plaintiff believes in good faith that OFFICER ENOS is legally responsible and liable for the injuries and damages alleged herein.

12.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as UNKNOWN LAW ENFORCEMENT OFFICERS, and therefore sue said defendants by such fictitious names. UNKNOWN LAW ENFORCEMENT OFFICERS are, upon information and belief, citizens and residents of the State of California, County of Fresno.  At all materials times herein, UNKNOWN LAW ENFORCEMENT OFFICERS were acting individually as officers and employees of the Fresno Police Department.  At all material times herein, UNKNOWN LAW ENFORCEMENT OFFICERS acted individually and within the course and scope of their employment with the Fresno Police Department.  UNKNOWN LAW ENFORCEMENT OFFICERS are sued in their individual capacities for acts they performed, as alleged herein, plaintiffs believe in good faith that UNKNOWN LAW ENFORCEMENT OFFICERS are legally responsible and liable for the injuries and damages alleged herein.

13.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-20, and therefore sue said defendants by such fictitious names. DOES 1-20 are, upon information and belief, citizens and residents of the State of California, County of Fresno.  At all materials times herein, DOES 1-20 were acting individually, but not as officers and employees of the Fresno Police Department.  At all material times herein, DOES 1-20 acted individually and within the course and scope of their employment.  UNKNOWN LAW ENFORCEMENT OFFICERS are sued in their individual capacities for acts they performed, as alleged herein, plaintiffs believe in good faith that UNKNOWN LAW ENFORCEMENT OFFICERS are legally responsible and liable for the injuries and damages alleged herein.

## FACTUAL ALLEGATIONS

### January 4, 2022 Incident

14.     On January 4, 2022, MARTINEZ was monitoring actions by COF officials at a homeless camp located near Kings Canyon and Clovis Avenue.  The encampment was being eliminated even though COF had a documented shortage of shelter space, and the unhoused persons on site were not offered any shelter space.  Moreover, the unhoused persons on site were having their belonging confiscated and destroyed, leaving them not only without shelter but without property.

15. In all of these regards, the COF officials were acting in a blatantly unlawful manner. This Court's orders in *Kincaid, et al v. City of Fresno*, No. 1:06-cv-1445 OWW SMS, made it clear that government officials could not capriciously seize and destroy the property of unhoused persons. Additionally, the Ninth Circuit ruled as early as 2006 that involuntary conduct related to homelessness could not be punished consistent with the Eighth Amendment, *Jones v. City of Los Angeles*, 444 F.3d 1118 (9th Cir. 2006), *vacated on other grounds*, 505 F.3d 1006 99th Cir. 2007), and *Jones* was followed by *Martin v. City of Boise*, 902 F.3d 1031 (9th Cir. 2018), *amended* 920 F.3d 584 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 674 (2019), as well as *Johnson v. City of Grants Pass*, 50 F.4th 787 (9th Cir. 2022), *amended on denial of reh'g*, 72 F.4th 868 (9th Cir. 2023), both of which confirmed that the Eighth Amendment provides strong protections to unhoused persons against government officials seeking to punish them principally for their involuntary status.

16. MARTINEZ was present to document the COF officials' illegal activity by video recording them and live-streaming their actions via social media. While MARTINEZ was openly and obviously recording, OFFICER LACY violently attacked her, using unreasonable and unnecessary force at a time when MARTINEZ was engaging in activity protected by the First Amendment.

17. OFFICER LACY was cited for battering MARTINEZ, but no criminal charges were recommended or filed against him.

### March 17, 2022 Incident

18. On March 17, 2022, MARTINEZ was summoned by unhoused females to the Valley Inn, located at 933 N. Parkway Drive, Fresno, CA 93728. The unhoused females were living in one of the City subsidized shelters, but the management of the shelter wanted to evict them without going through legal process and instead called law enforcement to report them as "trespassing." Instead of instructing the shelter management to take the appropriate legal steps, which would have provided all concerned with notice and due process, the responding officers, which included OFFICER RAMIREZ, took the law in their hands, even though no crime had occurred in their presence, and it is well known that shelter management often attempt to harass and extort their unhoused residents.

19. MARTINEZ was present advocating for the unhoused females, who had nowhere to go on a cold night and insisted they had done nothing wrong. One of these unhoused females was also a sex and physical abuse survivor and became easily traumatized when confronted by males attempting to exercise authority over her. MARTINEZ attempted to intervene peacefully on the unhoused female's behalf and explained her trauma history. In all of her actions, MARTINEZ was acting within her First Amendment rights.

20. Despite the protected nature of MARTINEZ's activity, OFFICER RAMIREZ repeatedly threatened to arrest her. When MARTINEZ persisted and made it clear that she was not going to accept being threatened, OFFICER RAMIREZ arrested MARTINEZ, using force on her to do so, and held her handcuffed in his patrol vehicle for nearly an hour before citing and releasing her. At no point was there any probable cause or other basis for MARTINEZ's arrest, and said arrest was also plainly in retaliation for her protected First Amendment activity.

21. OFFICER RAMIREZ wrote an intentionally false report of the incident that inaccurately suggested that MARTINEZ had interfered with him in their performance of his duties in violation of California Penal Code § 148(a), a misdemeanor. After a misdemeanor case is filed in California, there is typically no pretrial opportunity to demonstrate the meritless nature of the allegations, so the case against MARTINEZ proceeded all the way to the day of trial, when it was dismissed for lack of evidence on February 16, 2023.

22. It is also noteworthy that MARTINEZ's March 17, 2022 occurred the day after the aforementioned federal lawsuit in which she was a named plaintiff was filed against COF, an event that was well publicized. MARTINEZ is informed and believes that her arrest was also in retaliation for her First Amendment activity of seeking redress for legal wrongs.

### August 1, 2022 Incident

23. On August 1, 2022, JOHN DOE was sleeping on public property, the plaza in front of Fresno Police Department headquarters. While JOHN DOE was sleeping and unable to protect himself, one of the UNKNOWN LAW ENFORCEMENT OFFICERS drove over him, severely injuring him. This incident was witnessed and recorded by individuals who worked nearby. JOHN

DOE was in an open and obvious location, and it is unfathomable that the UNKNOWN LAW ENFORCEMENT OFFICER who drove over him was unaware of his presence.

24.   JOHN DOE was whisked away shortly after this horrific incident and has remained in anonymity since then.  Even though the incident area was clearly a potential crime scene where available evidence needed to be preserved and collected, the area was "back to normal" within a very short time of the incident.

25.   JOHN DOE's current status has never been disclosed, even though the Fresno Police Department has readily conceded that the UNKNOWN LAW ENFORCEMENT OFFICER acted inappropriately and would be subject to discipline.

26.   Plaintiffs are informed and believe that JOHN DOE's status has been kept anonymous in order to protect the COF from liability and scrutiny.  While the COF regularly releases critical incident videos in the purported name of transparency in other contexts, it has kept silent regarding what became of JOHN DOE.  It is currently unknown if JOHN DOE is dead or alive, how severely he was injured, or his current whereabouts.

27.   Plaintiffs are further informed and believe that the unusual handling of this incident is directly related to JOHN DOE's unhoused status and his lack of a stronger support system that could have advocated for him with legal rights.  COF and the involved personnel have concealed details that otherwise would have been released, specifically because it is in its selfish legal interest to do so.

28.   MARTINEZ has been highly critical of the COF and the Fresno Police Department as a result of this incident, including in her statements to the Fresno City Council, media and on social media.

**August 31, 2022 Incident**

29.   On August 31, 2022, MARTINEZ was acting as an advocate for the unhoused community in the Roeding Park area. MARTINEZ parked her vehicle a significant distance away and was not driving at the time she encountered OFFICER KAHN, who at the time was acting as part of the Fresno Police Department's Homeless Assistance Response Team (HART).  Indeed, Martinez was nowhere near her vehicle at the time.

30. Nonetheless, OFFICER KAHN wrongfully detained MARTINEZ without any reasonable suspicion of her engaging in illegal activity and insisted to see her driver's license. At the time OFFICER KAHN made this demand, MARTINEZ was engaging in protected First Amendment activity. OFFICER KAHN, in an act of retaliation and intimidation, gave MARTINEZ a warning for allegedly not having a valid driver's license, for reasons that turned out to be both mistaken and easily correctable, but which were then unknown to MARTINEZ. OFFICER KAHN could have only known about by having MARTINEZ's confidential information wrongfully disclosed to him.

### June 14, 2023 Incident

31. One June 14, 2023, MARTINEZ responded to the vicinity of the Griffith Gardens Apts., 1434 E Griffith Way, Fresno, CA 93704, because a mentally distressed unhoused man was wielding a weapon while acting delusionally. MARTINEZ was filming the interaction of Fresno Police Officers with the unhoused man from more than 100 yards away, on the same side of the street. MARTINEZ was in no way involved in the incident or near the responding officers.

32. MARTINEZ had been asked to respond to similar scenes previously, because she is more familiar with the COF's homeless population and their specific mental health issues. Indeed, MARTINEZ has, when requested in the past, interceded to increase the safety of both the unhoused and officers in similar situations.

33. When OFFICER GUERRA noticed that MARTINEZ was filming, he went up to her and asked her to move to a position where she would have been unable to capture the incident on video. MARTINEZ refused, both because she was within her First Amendment rights to record law enforcement and also because she feared what the officers on scene would do to the man if she was not recording.

34. Without probable cause or other basis, OFFICER GUERRA and CORPORAL WILSON used force on MARTINEZ and arrested her, holding her in custody for nearly an hour. These actions were clearly in retaliation for MARTINEZ's exercise of her First Amendment rights to advocate for the unhoused and to document law enforcement interactions.

35. MARTINEZ has twice gone to criminal court, and no charges have been filed against her, although she was cited on scene for violating California Penal Code § 148(a).

**October 25, 2023 Incident**

36.     On October 25, 2023, MARTINEZ was advocating for unhoused persons in Fresno's Tower District when she got into a verbal dispute with a private citizen. The private citizen was the instigator in the confrontation and eventually he pushed MARTINEZ who then defended and protected herself. This interaction was witnessed by multiple unhoused individuals on scene.

37.     OFFICER ENOS arrived on scene. OFFICER ENOS has a history of hostility towards MARTINEZ and in the past has told her she "does not have very many friends in the Fresno Police Department" and that she had "made an enemy of him."

38.     OFFICER ENOS encouraged the private citizen to press charges and initiate a citizen's arrest against MARTINEZ, even though she and the numerous unhoused persons on scene were uniform in their recitation of what had really happened. It is settled that an officer cannot be held liable or criminally responsible for refusing to effectuate a citizen's arrest if he feels it is legally or factually unsupported. The allegedly aggrieved person can then take his complaint to the District Attorney.

39.     However, OFFICER ENOS nonetheless effectuated a citizen's arrest and cited MARTINEZ for trespassing in violation of California Penal Code § 602(k) and battery in violation of California Penal Code § 242. OFFICER ENOS sarcastically commented to MARTINEZ and the unhoused persons on scene that, since they were all adamant that no crime had occurred, that they should not mind going to court.

40.     MARTINEZ is informed and believes that OFFICER ENOS acted in a manner that was designed to intimidate her for her advocacy of the unhoused.

**Recurring Incidents Throughout 2022 and 2023**

41.     OFFICER ROCHA has long been a member of the HART team or a consistent responder to incidents involving the unhoused. OFFICER ROCHA in that context has had frequent interaction with MARTINEZ.

42.     OFFICER ROCHA has consistently harassed MARTINEZ, in a blatant exercise of retaliatory intimidation. OFFICER ROCHA has threatened to take MARTINEZ'S new truck, which she was able to purchase with the funds from her successful prior lawsuit against the City of Fresno.

OFFICER ROCHA has also repeatedly recited in MARTINEZ's presence her personal information, such as her middle name, birthdate, and home address, which he could only have obtained by having improper access to her personal information, in an effort to intimidate and retaliate against her for her consistent and courageous advocacy. Many of OFFICER ROCHA's harassing comments have been captured on video by MARTINEZ.

43. Additionally, throughout 2022 and 2023, despite Kincaid, Martin and Johnson, COF, principally through its law enforcement agency, the Fresno Police Department, has continued to intimidate, use physical force on, displace, harass, and destroy the property of the unhoused. As a direct and proximate result of the defendant officers' violation of his constitutional rights, VELA has suffered physical injury and emotional distress, as described hereinabove. COF has thus displayed a palpable antipathy for the rights of the unhoused, despite applicable law. These actions are simply too widespread and regularly occurring to be attributable to a few outlier officers, but are instead indicative of a COF-wide policy, custom and practice.

44. This antipathy is shown in the regular comments and actions of Fresno Police officers toward the unhoused, as well as the consistent harassment and intimidation of Martinez, only some of which is specifically detailed herein above.

45. COF Mayor Dyer has even gone as far as refusing to sign a certificate awarded to MARTINEZ by the COF in August 2023 recognizing her as a champion of her community, clearly signaling the animus that the head of COF government has toward MARTINEZ and the unhoused community generally.

**CAUSES OF ACTION**

46. Based on the attendant facts and the laws invoked, the respective plaintiffs make the following claims:

**FIRST CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 - Excessive Force

(By Martinez Against Officer Lacy, Officer Ramirez, Officer Guerra, Corporal Wilson and the City of Fresno; and By John Doe and Others Similarly Situated Against Unknown Officers and the City of Fresno)

**SECOND CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 - Retaliatory Force

(By Martinez Against Officer Lacy, Officer Ramirez, Officer Guerra, Corporal Wilson and the City of Fresno)

**THIRD CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – False Arrest

(By Martinez Against Officer Ramirez, Officer Guerra, and Corporal Wilson)

**FOURTH CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Unconstitutional Detention

(By Martinez Against Officer Khan)

**FIFTH CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Unconstitutional Prosecution

(By Martinez Against Officer Ramirez)

**SIXTH CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Retaliatory Harassment

(By Martinez Against Officer Khan, Officer Enos and Officer Rocha)

**SEVENTH CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Denial of Equal Protection

(By John Doe and Others Similarly Situated Against Unknown Officers and the City of Fresno)

**EIGHTH CAUSE OF ACTION**

Violation of 42 U.S.C. § 1983 – Denial of Fifth and Eighth Amendment

(By John Doe and Others Similarly Situated Against Unknown Officers and the City of Fresno)

**NINTH CAUSE OF ACTION**

Violation of 42 U.S.C. § 1985(2)

(By John Doe Against Unknown Officers and the City of Fresno)

**TENTH CAUSE OF ACTION**

Violation of Cal. Civil Code § 52.1- Excessive Force

(By Martinez Against Officer Lacy, Officer Guerra, Corporal Wilson and the City of Fresno)

**ELEVETH CAUSE OF ACTION**

Violation of Cal. Common Law - Battery

(By Martinez Against Officer Lacy, Officer Guerra, Corporal Wilson and the City of Fresno)

**TWELFTH CAUSE OF ACTION**

Violation of Cal. Civil Code § 52.1- Unconstitutional Prosecution

(By Martinez Against Officer Ramirez)

**THIRTEENTH CAUSE OF ACTION**

Violation of Cal. Civil Code § 52.1- False Arrest

(By Martinez Against Officer Guerra, Corporal Wilson, and the City of Fresno)

**FOURTEENTH CAUSE OF ACTION**

Violation of 28 U.S.C. § 2201 – Injunctive Relief

(By All Plaintiffs Against the City of Fresno)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for the following relief:

1. For general and special damages against each defendant in an amount proven at trial, as to all causes of action;

2. For punitive damages against each individual defendant, in an amount appropriate to punish and to deter others from engaging in similar misconduct;

3. For prejudgment interest;

4. For costs and attorney's fees as authorized by 42 U.S.C. § 1988 and California law;

5. For injunctive and declaratory relief;

6. For other such relief as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demands a trial by jury as to all claims for relief.

Date: January 4, 2024

*/s/ Kevin G. Little*
Kevin G. Little
Attorneys for Plaintiffs Desiree Martinez,
We Are Not Invisible, John Doe and
Others Similarly Situated